

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/ GREENWOOD DIVISION

| | | |
|---|---|---|
| MICHAEL ALEXANDER COLLINS,<br>Plaintiff, | §<br>§<br>§ | |
| vs. | § | CIVIL ACTION: 8:18-01580-MGL-JDA |
| | § | |
| LT. ERIC RIDDELL; LT. HETTICH; NURSE SHERRY HAMMOCK; LT. BOWMAN; DEPUTY MCDUFFIE; DEPUTY MOORE; DEPUTY STARKS; DEPUTY AUTHERS; DEPUTY HETTICH; CORPORAL KUDRON; DEPUTY NIGHTENGALE; CORPORAL BRODUS; SGT. WHITTAKER; and AIKEN COUNTY DETENTION CENTER,<br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
DENYING PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF,
AND DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

This case was filed as an action under 42 U.S.C. § 1983 (section 1983). Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting the Court deny Plaintiff's motion for injunctive relief and Plaintiff's motion for protective order. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

"A document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Courts are not, however, required to "conjure up questions never squarely presented to them" or seek out arguments for a party. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

The Magistrate Judge filed the Report on October 12, 2018, ECF No. 67, and the Clerk of Court entered Plaintiff's objections to the Report on October 19, 2018, ECF No. 69. The Court has reviewed the objections, but holds them to be without merit. Therefore, it will enter judgment accordingly.

Plaintiff first objects the Magistrate Judge erred in suggesting Plaintiff's motion for injunctive relief seeks the same relief as Plaintiff's second amended complaint under section 1983. As a preliminary matter, though the Report recounts the relief Plaintiff seeks in both his second amended complaint and his motion for injunctive relief, the Magistrate Judge nowhere indicates the relief sought in the complaint is the same as that sought in Plaintiff's motion for injunctive relief. Further, as analyzed below, Plaintiff has failed to show he is entitled to injunctive relief at this juncture. For those reasons, the Court will overrule Plaintiff's first objection.

Plaintiff next objects the Magistrate Judge erred in recommending Plaintiff fails to meet the requirements for a preliminary injunction. Plaintiff argues he has met all elements necessary for the Court to issue a preliminary injunction. The Court disagrees.

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). For a preliminary injunction to issue, the plaintiff must show: 1) likelihood of success on the merits; 2) likelihood of irreparable harm if the injunction is not issued; 3) the equities weigh in favor of issuing the injunction; and 4) the injunction is in the public interest. *Id.* at 20.

The Magistrate Judge suggested Plaintiff fails to meet any of the *Winter* factors required for a preliminary injunction to issue. Plaintiff counters he has shown Defendants are guilty, thus meeting the first factor. He further advances he has shown the equities favor an injunction, and such an injunction would be in the public interest. Having reviewed the record, the Court agrees with the Magistrate Judge: Plaintiff has failed to meet any of the *Winter* elements required for the Court to issue a preliminary injunction. For that reason, the Court will overrule Plaintiff's second objection to the Report.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of this Court Plaintiff's motion for injunctive relief is **DENIED** and Plaintiff's motion for protective order is **DENIED**.

**IT IS SO ORDERED**.

Signed this 13th day of November, 2018, in Columbia, South Carolina.

                                            s/ Mary Geiger Lewis
                                            MARY GEIGER LEWIS
                                            UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.