

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| MICHAEL ALEXANDER COLLINS,<br>　　　Plaintiff,<br><br>vs.<br><br>LT. ERIC RIDDELL; LT. HETTICH; LT. BOWMAN; DEPUTY MCDUFFIE; DEPUTY MOORE; DEPUTY STARKS; DEPUTY AUTHERS; DEPUTY HETTICH; CORPORAL KUDRON; DEPUTY NIGHTENGALE; CORPORAL BRODUS; SGT. WHITTAKER; AIKEN COUNTY DETENTION CENTER; SHERRY SHUTTERSWORTH *a/k/a Sherry Shutters*,<br>　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§　Civil Action No. 8:18-1580-MGL<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND
DENYING PLAINTIFF'S MOTION TO DISQUALIFY, MOTION TO STRIKE,
MOTION FOR SANCTIONS AND MOTION FOR EXTENSION OF TIME**

Plaintiff Michael Alexander Collins (Collins), proceeding pro se, brings this action under 42 U.S.C. § 1983 alleging denial of medical care and retaliation. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Defendant Shutters' motion for summary judgment be granted; Defendants Riddell, Hettich, Bowman, McDuffie, Moore, Starks, Authers, Hettich, Kudron, Nightengale, Brodus, Whittaker, and Aiken County Detention Center's (collectively Defendants) motion for summary judgment be granted; and Collins's motion to strike, motion for extension of time, motion for

1

sanctions, and motion to disqualify (Collins's motions) be denied, and Collins's motion in limine be dismissed as moot. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).

"A document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Courts are not, however, required to "conjure up questions never squarely presented to them" or seek out arguments for a party. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The Court will address each specific objection to the Report in turn, but the Court need not—and will not—address any arguments that fail to point the Court to alleged specific errors the Magistrate Judge made in the Report. *See Orpiano*, 687 F.2d at 47.

The Magistrate Judge filed the Report on July 2, 2019. ECF No. 156. Collins filed his objections on July 31, 2019. ECF No. 158. The Court has reviewed the objections but hold them to be without merit. It will therefore enter judgment accordingly.

Collins's objections fail to identify a specific error in the Report. Instead, he states he has "explained in [his earlier motions] the reasons and right to file such motions" and "uses the denials as further proof of Judge[']s bias when the Judge rules and denies what is clear law and Plaintiff's rights being trampled on." Objection 1. Collins insists the Magistrate Judge erred in recommending his claims be dismissed because the Magistrate Judge used the pronoun "she" instead of "he" when referring to Collins on page fourteen of the Report. Objection at 1-2. Such a conclusory and unsubstantiated allegation will not be addressed by this Court.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein. Therefore, it is the judgment of the Court Defendants' motions for summary judgment are **GRANTED**; Collins's motion to strike, motion to disqualify, motion for sanctions, and motion for extension of time are **DENIED**; and Collins's motion in limine is **DISMISSED AS MOOT**.

**IT IS SO ORDERED.**

Signed this 7th day of July 2019 in Columbia, South Carolina.

s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.